UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN ROBERT DEMOS, JR.,

    Plaintiff,

v.

ROBERT FERGUSON, *et al.*,

    Defendants.

CASE NO. C25-5266-TL-BAT

**REPORT AND RECOMMENDATION**

    Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). In the current proposed action, plaintiff alleges that, in violation of the Constitution, the state defendants are showing deliberate indifference to his serious medical needs because there are differences in medical opinion about whether to treat his glaucoma aggressively or conservatively and, unless his glaucoma is treated aggressively, he will go blind. Dkt. 1-1 at 6, 9; Dkt. 1-3, at 1–2. Defendants are Washington State Governor Robert Ferguson, Washington State Attorney General Nicholas Brown, Airway Heights Correctional Center Superintendent Ronald Haynes, Washington State Department of

REPORT AND RECOMMENDATION - 1

1  Corrections Secretary Tim Lang, and unnamed John Doe medical directors. Dkt. 1-1, at 2–4.
2  Plaintiff seeks $2 million in damages. *Id.* at 9.

3       As a bar order litigant, plaintiff may submit only **three** IFP applications and proposed
4  actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992);
5  *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982).
6  The 1992 Bar Order further provides that this Court will not accept for filing a proposed
7  complaint unless it "is accompanied by an affidavit that the claims have not been presented in
8  any other action in any court and that [Plaintiff] can and will produce evidence to support his
9  claims." 1992 Bar Order at 3. Additionally, under 28 U.S.C. § 1915(g), plaintiff must
10 demonstrate "imminent danger of serious physical injury" to proceed IFP because he has had
11 numerous prior actions dismissed as frivolous, malicious, or for failure to state claim. *See Demos*
12 *v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

13      Plaintiff may not proceed with this action. Because plaintiff has had more than three prior
14 actions dismissed as frivolous, malicious, or for failure to state a claim, he may not proceed *in*
15 *formal pauperis* unless he alleges that he is in "imminent danger of serious physical injury." 28
16 U.S.C. § 1915(g); *Demos*, MC99-113-JLW. Plaintiff's proposed complaint does not contain "a
17 plausible allegation that [he] faced imminent danger of serious physical injury at the time of
18 filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted).
19 Plaintiff asserts that he has been examined by "various medical doctors" who have differing
20 opinions about how best to treat his glaucoma and that there has yet been no decision made about
21 whether to treat the condition aggressively or conservatively. Dkt. 1-1, at 6. That is, not only
22 may plaintiff still receive the aggressive treatment he desires, but also there is no medical
23 consensus about what kind of treatment would best serve his health interests or that plaintiff

REPORT AND RECOMMENDATION - 2

would go blind should he not receive the most aggressive treatment. Moreover, rather than suggest deliberate indifference to serious medical needs, the course of treatment for plaintiff's glaucoma, involving examinations by numerous medical professionals, demonstrates attentiveness to plaintiff's health concerns. Plaintiff thus has stated neither a plausible allegation of imminent harm nor a plausible claim upon which relief may be granted.[1]

The Court recommends **DENYING** plaintiff IFP status and **DISMISSING** the proposed complaint, Dkt. 1, without prejudice in accordance with 28 U.S.C. § 1915(e)(2)(B) & (g) and standing bar orders. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). A proposed Order is attached.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **April 15, 2025.** The Clerk should note the matter for **April 15, 2025**, as ready for the District Judge's consideration. Objections and responses shall not exceed twelve (12) pages. The failure to timely object may affect the right to appeal.

---

[1] The Court notes that in addition to the current action, plaintiff has other active IFP applications and proposed civil rights actions. *See Demos v. Ewing*, C25-413-MJP-DWC (filed March 4, 2025); *Demos v. Trump*, C25-5249-BHS-DWC (filed March 19, 2025).

REPORT AND RECOMMENDATION - 3

DATED this 1st day of April, 2025.

                                                    BRIAN A. TSUCHIDA
                                                    United States Magistrate Judge

REPORT AND RECOMMENDATION - 4